UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET L. SHEPARD,

               Plaintiff,                            Case No. 12-14386

                                              Paul D. Borman
v.                                         United States District Judge

                                              Patricia T. Morris
CAROLYN W. COLVIN,                     United States Magistrate Judge
Commissioner of Social Security,

               Defendant.
_____/

OPINION AND ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 30);
(2) ADOPTING REPORT AND RECOMMENDATION (ECF NO. 29); AND
(3) DENYING PLAINTIFF'S PETITION
FOR AWARD OF ATTORNEY'S FEES (ECF NO. 21)

     This matter is before the Court on Plaintiff's Objections to Magistrate Judge Patricia

T. Morris's February 26, 2015 Report and Recommendation on Plaintiff's Application

Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act.  (ECF No. 29, Report

and Recommendation; ECF No. 30, Objections.)  Defendant filed a Response to Plaintiff's

Objections (ECF No. 31) and Plaintiff filed a Reply (ECF No. 32).  Having conducted a *de*

*novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's

Report and Recommendation to which specific objections have been filed, the Court

DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and

Recommendation, and DENIES Plaintiff's Petition for an Award of Attorney Fees.

The Equal Access to Justice Act ("EAJA") contains the following fee shifting provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, an EAJA fee award requires that (1) the plaintiff was the prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make a fee award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff's sentence-four remand in this case meets the criteria for prevailing party status and there is no contention that "special circumstances" support the denial of EAJA relief. Thus, the sole issue before the Court is "whether the Commissioner's decision to deny benefits to [Shepard], and subsequently to defend the denial, was substantially justified." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014) "The Government bears the burden of proving that a given position was substantially justified." *Id.* at 725-26 (citing *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004)).

It is well settled in this Circuit that the Commissioner's decision can be "substantially justified" even if the district court rejects the Commissioner's position and remands a matter for further proceedings. *DeLong*, 748 F.3d at 725 (citing *Couch v. Sec. of Health & Human Servs.,* 749 F.2d 359, 360 (6th Cir. 1984) (per curiam)). Even though the Commissioner's

decision may be found by the district court to have been incorrect and to have necessitated a remand, this conclusion does not necessarily mean that the decision lacked "substantial justification" for purposes of the EAJA. A decision is substantially justified "if reasonable people could differ as to the appropriateness of the contested action." *Noble v. Barnhart*, 230 F. App'x 517, 519 (6th Cir. 2007) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). An ALJ's failure to adequately explain or articulate the basis for a decision is not necessarily sufficient grounds for a determination that the government lacked substantial justification for defending the decision in litigation. *DeLong*, 748 F.3d at 727.

The Court agrees with Magistrate Judge Morris's conclusion that there was substantial justification for the Commissioner's decision to defend the ALJ's positions on the two limited issues on which remand was ordered in this case. With respect to the ALJ's consideration of Plaintiff's RSD, this Court in its remand order specifically noted that the ALJ recognized and discussed Plaintiff's RSD but concluded that the Court could not be "certain" that the ALJ was aware of, and had evaluated Plaintiff's RSD consistent with, SSR 03-2p. (Remand Order at 11.) The Court did not find that the ALJ had ignored evidence of Plaintiff's RSD but rather concluded that the ALJ failed to adequately explain his findings. *Cf. Allshouse v. Comm'r of Soc. Sec.*, No. 07-12516, 2009 WL 4884968, at *3 (E.D. Mich. Dec. 11, 2009) (finding no substantial justification where, despite objective medical evidence of symptoms of RSD, "the ALJ did not mention RSD in his decision").

As the Sixth Circuit expressly held in *DeLong*:

[A]n ALJ's failure to provide an adequate explanation for his findings does not

3

establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.

748 F.3d at 727.

With regard to this Court's remand to the Commissioner to reconcile the restriction on repetitive use of the hands with a Residual Functional Capacity ("RFC") that included frequent handling, fingering and feeling, this Court conceded in its Remand Order that such a reconciliation "may be possible," but was not immediately intuitive and was not articulated by the ALJ. This Court's observation that such a reconciliation was "possible" concedes that a reasonable person may be able to conclude that such a restriction could co-exist with such functional requirements. That the ALJ in this case failed to articulate that reconciliation does not render the government's litigation posture defending the RFC lacking in substantial justification.[1]

## IV.   CONCLUSION

The Court agrees with Magistrate Judge Morris that the government was not without substantial justification in endeavoring to defend the ALJ's decision on these two issues. Accordingly, Plaintiff is not entitled to an award pursuant to the EAJA. Because the Court

---

[1] Plaintiff attacks the Magistrate Judge's acknowledgment of a number of scenarios under which the ALJ's decision might change on remand. But every remand of course carries with it the potential for a different result upon a "second look." This is no basis to reject the Magistrate Judge's reasoning and finding of substantial justification in this case.

concludes that Plaintiff is not entitled to an award under the EAJA, it need not address the reasonableness of Plaintiff's fee request.

Accordingly, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 30);

(2) ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 29); and

(3) DENIES Plaintiff's Application Seeking Attorney Fees Under the EAJA (ECF No. 21).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2015.

s/Deborah Tofil
Case Manager